# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KEN ROSS and REECE HOGAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiffs, | § § | Civil Action No. 2:19-cv-00107 |
| VS. | § § | |
| FAT CAT BOATWORKS LLC, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## PLAINTIFFS' ORIGINAL COMPLAINT

To the Honorable United States District Court:

Pursuant to Section 207 and Section 216 of the Fair Labor Standards Act of 1938 (FLSA), Plaintiffs Ken Ross and Reece Hogan, Individually, and on Behalf of all other Similarly Situated, file this Original Compliant against Defendant Fat Cat Boatworks LLC, and show as follows:

### A. Parties

1. The named plaintiffs are Ken Ross and Reece Hogan. They are both individuals and residents of Nueces County, Texas.

2. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C § 216(b) is defined as "all persons employed by Defendant at

Fat Cat Boatworks LLC in Texas between April 16, 2016, and the present." ("Putative Class Members"). The precise size and the identity of the Putative Class Members will be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant and/or its related and affiliated entities.

3. The defendant is Fat Cat Boatworks LLC. Defendant Fat Cat Boatworks LLC is an organization formed and existing in the state of Texas. It does business in the state of Texas and maintains one or more offices in the state of Texas, including in Nueces County, Texas. Service of process may be made on Defendant Fat Cat Boatworks LLC by personal service on its registered agent for service, Mr. John Hearn, 600 Leopard Street, Suite 1904, Corpus Christi, Texas 78473.

### B. Jurisdiction

4. This Court has subject matter jurisdiction of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The plaintiffs' claims arise under § 207 of the FLSA. This case presents a federal question.

### C. Venue

5. Pursuant to 29 U.S.C. § 1132(e)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

### D. Facts

6. Each plaintiff was employed by the defendant in Corpus Christi, Nueces County, Texas, from about February 2016 to about August 2018, though each did not work for

one or more months during this period. The defendant is in the business of fabricating and building custom and new boats used primarily for fishing.

7. Each of the plaintiffs worked in the defendant's service and rigging departments. Each of the plaintiffs performed mostly manual labor, building new boats and servicing other boats. Each plaintiff was paid an hourly rate. During the beginning of their employment, each was paid as traditional employees; payroll taxes were deducted from their paycheck. However, at some point, the defendant began classifying all of its employees as independent contractors and, as a result, stopped withholding taxes. However, based on their respective job duties, work schedules, opportunity for loss and profit and other factors, each of the plaintiffs were employees.

8. Further, during the entire period of the plaintiffs' respective employment, the defendant never paid overtime wages to the plaintiffs or any other employees of the defendant.

9. With respect to Plaintiff Ross, and during the relevant period, he was an employee of the defendant from February 2016 to August 2017 and then from about October 2017 to August 2018, respectively. During this entire period, Plaintiff Ross worked an average of about 60 hours per week, performing mostly manual labor. The defendant paid him for all hours worked. But the defendant failed to pay time-and-a-half for hours worked in excess of 40 per week. Here, that is about 20 hours per week. Plaintiff Ross's average hourly rate during this period was about $37.50 per hour; thus, his average overtime rate

is $56.25 per hour.  The unpaid portion of Mr. Ross's overtime wage is measured by multiplying the half-time; that is, $18.75 per hour by the total overtime hours.  Here, that is about 20 hours per week.  Twenty hours per week multiplied by $18.75 per hour is $375 per week.  During the relevant period, Plaintiff Ross worked about 29 months, which is 124.7 weeks.  Multiplying the unpaid overtime of $375 per week by 124.7 weeks results in a total amount of $46,762.50 of unpaid overtime owed by the defendant to Plaintiff Ross.

10.   With respect to Plaintiff Hogan, and during the relevant period, he was an employee of the defendant from February 2016 to September 2016 and then from about May 2017 to August 2018, respectively.  During this entire period, Plaintiff Hogan worked an average of about 50 hours per week.  The defendant did pay him for all hours worked.  But the defendant failed to pay time-and-a-half for hours worked in excess of 40 per week.  Here, that is about 10 hours per week.  Plaintiff Hogan's average hourly rate during this period was about $29.00 per hour; thus, his average overtime rate is $43.50 per hour.  The unpaid portion of Plaintiff Hogan's overtime wage is measured by multiplying the half-time; that is, $14.50 per hour by the total overtime hours.  Here, that is about 10 hours per week.  Ten hours per week multiplied by $14.50 per hour is $145 per week. During the relevant period, Plaintiff Hogan worked about 24 months, which is 103.2 weeks. Multiplying the unpaid overtime of $145 per week by 103.2 weeks results in a total amount of $14,964.00 of unpaid overtime owed by the defendant to Plaintiff

4

Hogan.

11.     Based upon information and belief, the failure to pay overtime wages to the Putative Class Members caused by the defendant's unlawful compensation practices result in the Putative Class Members being similarly situated to the plaintiffs, especially because they all shared the same or substantially similar job duties.

12.     Further, based upon information and belief, the failure to pay overtime wages as required by the FLSA (at the rate of time and a half the regular rate) results from generally applicable policies and practices and do not depend on the personal circumstances of the plaintiffs and the Putative Class Members.  Thus, the plaintiffs' experiences are typical of the experience of the Putative Class Members.

13.     Further, based upon information and belief, the specific job requirements of the various Putative Class Members do not prevent collective treatment.  All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for their labor and for all hours worked in excess of 40 hours per week.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **"All persons employed by Defendant Fat Cat Boatworks LLC in Texas between April 16, 2016 and the present."**

**E.     Cause of Action**

**Count 1—Violation of the Fair Labor Standards Act (FLSA)**

14.     The plaintiffs incorporate within Count 1 all of the factual allegations set forth in paragraphs 1-13, *supra*.

15.     The defendant violated Section 207 of the FLSA by employing the plaintiffs in any workweek, where they were engaged in and/or employed in an enterprise engaged in commerce or in the production of goods for commerce for a workweek in excess of forty hours, and by not compensating them for work hours in excess of forty hours at a rate not less than one and one-half times the regular rate at which they were employed.  *See* 29 U.S.C. § 207(a).12.  The defendant knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of failing to pay the plaintiffs all of their wages and overtime compensation for hours worked per week in excess of 40.  The decision made by the defendant to not pay the plaintiffs was neither reasonable nor in good faith. Accordingly, the plaintiffs are entitled to their unpaid wages and overtime compensation under the FLSA and liquidated damages in an amount equal to his unpaid wages, as provided by law, and for which they seek from the defendants by this suit and from this Court.

16.     Pursuant to the FLSA, the plaintiffs also seek recovery of their reasonable and necessary costs and attorneys' fees incurred in this matter for trial and appeal, if necessary, of this suit.

**PRAYER**

17. For these reasons, Plaintiffs Ken Ross and Reece Hogan, Individually and on behalf of all others Similarly Situated, respectfully request that Defendant Fat Cat Boatworks LLC be cited to appear and answer herein and that, following final hearing, be awarded all of their unpaid back wages for unpaid overtime, liquidated damages, all of other lost wages and benefits in the past, lost wages and benefits in the future, damages for mental anguish, exemplary damages, and all other elements of damages provided by law, costs, attorneys' fees, pre-judgment interest and post-judgment interest, and for such other relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

s/Jon D. Brooks
Jon D. Brooks
Attorney-in-Charge
Southern District ID No. 24936
Texas Bar No. 24004563
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401
361.885.7710 (telephone)
361.885.7716 (facsimile)
jbrooks@brooksllp.com (e-mail)

**Attorney for Plaintiffs**

OF COUNSEL

BROOKS LLP
Attorneys and Counselors at Law
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401
361.885.7710 (telephone)

361.885.7716 (facsimile)
www.brooksllp.com (web)